**UNITED STATES of America**

v.

**Maria J. COLEMAN, Erling R. ("Duke") Gjerset, Paul Arnone, Jr., Richard E. Whitaker, Defendants.**

**Crim. Action No. 96–00070(SS).**

United States District Court,
District of Columbia.

Sept. 20, 1996.

James Lawrence Lyons, Kellogg, Williams & Lyons, Washington, DC, Steven Carl Tabackman, Tighe, Patton, Tabackman & Babbin, Washington, DC, for Erling R. Gjerset.

Donald Thomas Bucklin, Squire, Sanders & Dempsey, Washington, DC, for Paul Arnone, Jr.

Donald Thomas Bucklin, Squire, Sanders & Dempsey, Washington, DC, A.J. Kramer, Federal Public Defender for DC, Washington, DC, for Richard E. Whitaker.

Thomas Edwin Zeno, Economic Crime Sec., U.S. Attorney's Office, Washington, DC, for U.S.

## MEMORANDUM OPINION

SPORKIN, District Judge.

This matter is before the Court on defendants' motions for: (1) dismissal of the indictment in whole or in part; (2) dismissal of counts 11–41 of the indictment on grounds of double jeopardy; (3) dismissal of counts 11–41 on grounds that underlying statute is "void for vagueness"; (4) striking of forfeiture allegations; (5) a bill of particulars; (6) severance; and (7) pre-trial production of documents under subpoena. The government has filed a single omnibus response. The Court heard oral argument on all motions on September 16, 1996.

## FACTUAL BACKGROUND

The defendants are accused in a multicount indictment with participating in a scheme of fraud, embezzlement and money laundering, and conspiracy to commit such acts. Defendant Coleman, along with defendant Gjerset, is alleged to have devised a scheme to embezzle and launder funds belonging to the United Food and Commercial Workers Union (UFCW), Coleman's employer. Defendants Arnone and Whitaker, owners of various building companies, are alleged to have assisted Coleman and Gjerset in the scheme by laundering some funds through bank accounts belonging to their companies, accepting such funds as payment for building work, and receiving loans from the UFCW

Thomas Earl Patton, III, Steven Carl Tabackman, Tighe, Patton, Tabackman & Babbin, Washington, DC, for Maria J. Coleman.

that were improperly authorized by Coleman. The defendants have all pleaded not guilty.

Several of the motions do not need further analysis. First, defendants concede that their motion on double jeopardy grounds (i.e. civil forfeiture and substantive money laundering counts place them in double jeopardy) has been rendered without legal merit in light of the Supreme Court's recent decision in *United States v. Ursery*, —— U.S. ——, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996) (not double jeopardy to commence criminal proceedings against defendant subject of related civil forfeiture proceedings). Second, defendants admit that their motion on "void for vagueness" grounds is simply made to preserve the issue for appeal and that the particular argument has not succeeded in any of the many Courts that have addressed it. Third, based on representations by the government, defendants have withdrawn their motion to strike the forfeiture allegations. Finally, the government has withdrawn its opposition to the issuance of a subpoena for documents in the possession of the UFCW, with the understanding that the Court will not rule at this time on the admissibility of such documents at trial. The remaining contested motions will now be addressed.

### ANALYSIS & DECISION

1. *Motions to Dismiss the Indictment in Whole or In Part*

Defendants move for dismissal of the entire indictment based on their contention that each count is legally deficient in some manner. The Court will address each argument in the order presented.

A. *Counts Two through Ten: Aiding and Abetting under 29 U.S.C. § 501(c)*

■ Defendants Whitaker, Arnone and Gjerset claim that they cannot be properly charged in counts two through ten of the indictment of aiding and abetting a violation of 29 U.S.C. § 501(c). Section 501(c) places criminal liability on:

Any person who embezzles, steals, or unlawfully and willfully abstracts or converts to his own use, or the use of another, any of the moneys, funds, securities, property, or other assets of a labor organization *of which he is an officer, or by which he is employed, directly or indirectly . . .*

29 U.S.C. § 501(c) (emphasis added).

The Government concedes that defendants Whitaker, Arnone and Gjerset are not officers or employees of the UFCW. However, counts two and ten also charge defendants under 18 U.S.C. § 2, which imposes punishment on an aider or abettor as if he or she were a principal to the particular crime charged. Defendants contend that 18 U.S.C. § 2 does not apply to 29 U.S.C. § 501(c), because by its very terms, § 501(c) applies only to persons who are officers or employees, directly or indirectly, of a labor organization. They claim that to charge non-labor organization persons as aiders and abettors would circumvent the language and purpose of § 501(c).

The parties agree there is no Court holding on this issue. The Government does cite Judge Friendly's dissent in *United States v. Capanegro*, 576 F.2d 973 (2d Cir.1978), *cert. denied*, 439 U.S. 928, 99 S.Ct. 312, 58 L.Ed.2d 320 (1979). The majority in *Capanegro* found that the defendants in question were union employees and therefore did not reach the question of aiding and abetting. Judge Friendly disagreed with his colleagues analysis, but noted that "[i]f the Government had procured an indictment charging that [the union employee co-defendant] had violated 29 U.S.C. § 501(c) and that [defendant] had aided and abetted him, *[he] would have no hesitation in affirming a conviction.*" *Capanegro*, 576 F.2d at 980 (emphasis added).

Section 18 U.S.C. § 2 is the most basic provision of the U.S. Criminal Code. In simple language it states in part:

Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

18 U.S.C. § 2(a).

There are no exceptions to the reach of the provision. Thus whatever limitations on its application would have to emanate from the particular criminal provision with respect to which a defendant has been alleged to have

aided and abetted in its violation. The precise words of 29 U.S.C. 501(c) provide no comfort to the defendants. There is nothing in the provision that would in anyway suggest 18 U.S.C. § 2 does not apply to those who aid and abet violations of 29 U.S.C 501(c). The fact that 18 U.S.C. § 2 and 29 U.S.C. § 501(c) are in different sections of the criminal code does not advance defendants position. It is clear that 18 U.S.C. § 2 is not confined to only other violations of Title 18. It applies across the board.[1]

In this case, Coleman is the alleged principal. She is an insider at the union who is alleged to have committed financial crimes against her employer. Gjerset, Arnone and Whitaker are not employees of the union. Nevertheless, they are alleged to have assisted Coleman in committing a crime from the "inside." Clearly, they can be charged as aiders and abettors.

### B. *Counts One and Eleven: Rational economic motive*

■ Arnone and Whitaker move for dismissal of counts one and eleven on grounds that they do not allege unlawful conduct with an economically reasonable motive. The cases relied upon by defendants are all civil in nature. It is clear that this case comes to the Court in a different posture. It is enough in this—a criminal case—that the indictment allege facts that would constitute a crime. The Government alleges that Arnone and Whitaker "participated in the scheme and artifice in order to 'obtain monies for the use of themselves and their companies.'" Government's Omnibus Response at 19 (*citing* Indictment at Count One, paragraph 13). Whether it would be reasonable to believe that the defendants would commit the particular frauds for what they contend is a relatively small benefit is a question for the jury to weigh in coming to its verdict. It is not a question that this Court need consider in deciding the adequacy of the indictment.

### C. *Counts Twelve through Forty-one: Money laundering*

■ Defendants Arnone and Whitaker claim that because the Government admits it has no *direct* evidence that they knew the money they received was the product of illegal activity, or that their activity was intended to conceal illegal conduct, the indictment cannot stand. This is an issue for the jury to decide. There is no requirement that the government must prove violations by "direct evidence" only. As the Court instructs each and every jury, circumstantial evidence is entitled to the same weight as direct evidence. Indeed, where intent and knowledge are involved it is often difficult to prove those elements by direct evidence and circumstantial evidence regularly fills the void. The Government meets its burden at this stage by alleging in its indictment that Arnone and Whitaker had the predicate intent and knowledge.

### D. *Counts Twelve through Fourteen: Venue*

■ Arnone and Whitaker claim that counts twelve through fourteen should be dismissed because none of the elements of the money laundering crime occurred in the District of Columbia. The Government claims that the alleged violative conduct was conceived and commenced in the District of Columbia. That part of the alleged violations occurred within other jurisdictions does not oust the District of Columbia as a proper venue site. *See United States v. Beddow,* 957 F.2d 1330, 1336 (6th Cir.1992) ("venue is proper in any district where any part of the money laundering scheme occurred."). Accordingly, venue is proper in the District of Columbia.

---

1. The defendants position that the Supreme Court's decision in *Central Bank v. First Interstate Bank,* 511 U.S. 164, 114 S.Ct. 1439, 128 L.Ed.2d 119 (1994) has some application here is without merit. In that case, the Supreme Court declined to read aiding and abetting into Section 10(b) of the Securities Exchange Act of 1934. The case before the Supreme Court in *Central*

*Bank* was a civil case. In rejecting the availability of aiding and abetting liability, the Court noted the lack of a provision such as 18 U.S.C. § 2, which explicitly creates aiding and abetting liability with respect to criminal offenses. *Central Bank,* 511 U.S. at ——, 114 S.Ct. at 1448 (emphasis added).

### 2. Motion for Bill of Particulars

 Defendants have moved for a bill of particulars, listing 24 separate issues on which they seek additional information. Without addressing the specifics of each request, the Court is satisfied that the Government has met its burden. The government has provided counsel with a lengthy and detailed indictment, and with *fourteen* boxes of discovery materials. It is from these materials, in large part, that the government intends to prove its case. The government need not reveal to the defendants the precise manner in which it intends to prove its case. *United States v. NYNEX Corp.,* 781 F.Supp. 19, 22 (D.D.C.1991); *United States v. Poindexter,* 725 F.Supp. 13, 35 n. 42 (D.D.C.1989). The motion for a bill of particulars will be denied.

### 3. Motions to Sever

 Defendants Coleman and Gjerset, and defendants Arnone and Whitaker have each filed joint motions to sever. Fed.R.Crim. Pro. 14 states in relevant part that:

> If it appears that a defendant ... is prejudiced by a joinder ... of defendants ... for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

Fed.R.Crim.Pro. 14.

The basis of both motions is essentially defendants' contention that Coleman and Gjerset will present defenses that are inconsistent with the defenses presented by Arnone and Whitaker, and vice-versa. As a result, each pair of defendants claim they will suffer prejudice if tried with the other pair.

The Supreme Court addressed the question of inconsistent or "mutually antagonistic" defenses in *Zafiro v. United States,* 506 U.S. 534, 535–36, 113 S.Ct. 933, 936, 122 L.Ed.2d 317 (1993). The Court held that "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 539, 113 S.Ct. at 938. The Court did note that "[w]hen many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened." *Id.* Ultimately, however, "the risk of prejudice will vary with the facts in each case," and determination of relief, if any, is left "to the district court's sound discretion." *Id.*

Defendants Coleman and Gjerset make a generalized assertion that their co-defendants will place the blame for wrongdoing on them. But the defense of Arnone and Whitaker as presented in the their briefs does not rely on a shifting of blame—rather, their claim is essentially that *they* had no knowledge of Coleman and Gjerset's alleged scheme. The Arnone/Whitaker defense does not necessarily depend on the guilt of Coleman and Gjerset; rather, it claims that if any crime was committed, Arnone and Whitaker were victims of that crime, not co-conspirators. Justice Stevens concurrence in *Zafiro* is helpful on this point. He noted that "dual ignorance defenses do not necessarily translate into 'mutually antagonistic' defenses, as that term is used in reviewing severance motions, because acceptance of one defense does not necessarily preclude acceptance of the other and acquittal of the codefendant." *Zafiro,* 506 U.S. at 542, 113 S.Ct. at 939 (Stevens, J. concurring). Similarly, just because each set of co-defendants here claims to know nothing about the alleged criminal conduct committed by the other set of codefendants does not make their defenses mutually antagonistic.

What is key to the Court's ruling not to sever is the fact that both sets of defendants are alleged to have participated in the conspiracy that the government states has occurred. Separate trials would require the government to prove its case on two different occasions. This is not the way to conserve precious legal resources. The Government alleges a singles conspiracy. It is entitled to try those alleged as co-conspirators in a single trial. The motions for severance will be denied.